The document below is hereby signed.

Signed: June 12, 2014



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
MICHAEL LAWRENCE ROSEBAR,      )   Case No. 13-00535
                               )   (Chapter 7)
              Debtor.          )
_____)
                               )
DAVID BROOKS,                  )
                               )
              Plaintiff,       )
                               )
         v.                    )   Adversary Proceeding No.
                               )   13-10036
MICHAEL LAWRENCE ROSEBAR,      )
                               )   Not for publication in
              Defendant.       )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING *MOTION FOR SANCTIONS*

The defendant Rosebar has filed a *Motion for Sanctions* (Dkt. No. 42), seeking sanctions under Fed. R. Bankr. P. 9011 with respect to the filing by the plaintiff Brooks of a *Motion for Sanctions Against Debtor's Attorney William Johnson* (Dkt. No. 24). Rosebar's *Motion for Sanctions* must be denied.

I

First, Rosebar's *Motion* bears a certificate of service showing service on the date of its filing, March 31, 2014. At

pages 6-7 of the body of the *Motion* the defendant states:

> the Defendants [sic] served the instant motion upon Mr. Brooks on February 27, 2011 [sic] and requested that he dismiss the motion within twenty-one (21) days.  Mr. Brooks declined to dismiss the motion.

But Brooks contends that he was sent a motion for sanctions by e-mail on February 28, 2014, that was not the same as the one the defendant filed; that he, Brooks, never received a copy of the motion by regular mail; and that there are material differences between the two versions of the motion.  Obviously the *Motion* filed is not the same one as the one sent to Brooks on February 27, 2014, because it recites that after service of the motion, Brooks declined to dismiss his allegedly improper motion (a fact that would not have existed until after service of the motion). To comply with Rule 9011's requirement that the motion be filed only after the offending paper is not withdrawn within 21 days after service, the motion filed must be identical to the one served.  This one is not identical to whatever was served on February 27, 2014, and will be denied for that reason.

II

On the merits, Rosebar complains:

> The Motion filed by Mr. Brooks failed to certify that he had made a "Good Faith" inquiry to Debtor's counsel.  In an effort to rectify this procedural flaw, Mr. Brooks tried to retroactively create a "Good Faith" inquiry by fabricating e-mails purportedly dated February 11, 2014 and February 13, 2014.

*Motion for Sanctions* at ¶ 15 (footnote omitted).  Brooks's *Motion*

2

*for Sanctions Against Debtor's Attorney William Johnson* certified that:

> Johnson had ample opportunity to voluntarily rescind those items prior to Brooks' filing of the motion. Brooks contacted Johnson about the deposition via e-mail and even provided Johnson a copy of his motion before filing it with the court, but Johnson did not respond (Exhibit 1).  Becker spoke to Johnson on the telephone, also without success (Exhibit 2).

Dkt. No. 24 at 3.  With respect to the certification requirements of Rule 37(d)(1)(B) of the Federal Rules of Civil Procedure, Brooks' certification cannot be said to have flunked the requirements of Rule 9011(b)(1) regarding whether Brooks' pursuit of his motion was warranted by existing law.

With respect to whether Brooks' certification as set forth in his *Motion for Sanctions* met the evidentiary standards of Rule 9011(b)(3), Rosebar contends that two e-mails (of February 11 and 13, 2014) were fabricated, but Rosebar does not dispute that Brooks sent Rosebar's attorney an e-mail on February 14, 2014, attaching a copy of the motion before filing it with the court on February 18, 2014.  In any event, the contention of fabrication is one of the allegations that Brooks contends was *not* included in the version of Rosebar's motion sent to him on February 27, 2014.

                                III

In his opposition, Brooks asks that pursuant to Rule 90ll(c)(l)(A), the court award Brooks the reasonable expenses and

attorney's fees incurred in opposing Rosebar's *Motion for Sanctions*. Brooks did not file his own Rule 9011 motion, and cannot seek such sanctions in an opposition to the debtor's motion. Accordingly, Brooks' request will not be granted.

IV

In accordance with the foregoing, it is

ORDERED that the a *Motion for Sanctions* (Dkt. No. 42) is DENIED, and David Brooks' request in his opposition (Dkt. No. 47) for a Rule 9011 award of expenses and attorney's fees is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.