The document below is hereby signed.

Signed: June 12, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
MICHAEL LAWRENCE ROSEBAR,      )   Case No. 13-00535
                               )   (Chapter 7)
            Debtor.            )
_____)
                               )
DAVID BROOKS,                  )
                               )
            Plaintiff,         )
                               )
       v.                      )   Adversary Proceeding No.
                               )   13-10036
MICHAEL LAWRENCE ROSEBAR,      )
                               )   Not for publication in
            Defendant.         )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING *MOTION FOR SANCTIONS*

The plaintiff Brooks has filed a *Motion for Sanctions* (Dkt. No. 61), seeking sanctions against the defendant's attorney, William C. Johnson, Jr., pursuant to Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 with respect to the filing by Johnson of various pleadings containing what Brooks alleges are unsupported contentions. I will deny Brooks' *Motion for Sanctions* without prejudice.

Federal Rule of Bankruptcy Procedure 9011 (the analog of

Fed. R. Civ. P. 11) contains a safe harbor provision that requires a 21-day period between serving and filing the sanctions motion to give the other party the opportunity to withdraw or correct the filing at issue.  In particular, Rule 9011(c)(1)(A) provides in part:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Here, Brooks served the *Motion* on May 5, 2014 by first class mail.  Twenty-one days later was May 26, 2014.  However, because Rule 9011 provides that the safe harbor period is "21 days *after service*," and because Brooks served the *Motion* by mail, Rule 9006(f) applies, requiring that three days be added to the 21-day safe harbor time period.[1]  *See In re Miller*, 730 F.3d 198, 205 (3d Cir. 2013) (determining that the requirement to add three days for mail service provided in Rule 9006(f) applies to Rule 9011's 21-day safe harbor provision).  Therefore, the last day of the safe harbor period was May 29, 2014.  Brooks filed his *Motion*

---

[1] Rule 9011(c)(1)(A) requires that the motion for sanctions be served as provided in Rule 7004 and Rule 7004(b) requires service by mail.  In addition, under Fed. R. Bankr. P. 9006(f), "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail . . . three days are added after the prescribed period would otherwise expire."

on May 28, 2014, one day before the safe harbor period ended. Because Brooks failed to wait the required number of days after serving the *Motion* to file the *Motion*, it is

    ORDERED that the a *Motion for Sanctions* (Dkt. No. 61) is DENIED without prejudice to the refiling of that motion in accordance with Rules 9011 and 9006(f).

                                                         [Signed and dated above.]

Copies to: All counsel of record.