The document below is hereby signed.

Signed: December 29, 2014



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
MICHAEL LAWRENCE ROSEBAR,      )    Case No. 13-00535
                               )    (Chapter 7)
            Debtor.            )
_____)
                               )
DAVID BROOKS,                  )
                               )
            Plaintiff,         )
                               )
     v.                        )    Adversary Proceeding No.
                               )    13-10036
MICHAEL LAWRENCE ROSEBAR,      )
                               )
            Defendant.         )
```

MEMORANDUM DECISION RE BROOKS'S *MOTION TO ALTER ORDER*
AND BROOKS'S REQUEST FOR REASONABLE FEES AND EXPENSES INCURRED
IN OPPOSING DEBTOR'S *MOTION FOR RULE 9011 SANCTIONS*

On June 12, 2014, the court denied plaintiff Brooks's request for the expenses incurred in opposing the debtor's *Motion for Rule 9011 Sanctions*, stating, "Brooks did not file his own Rule 9011 motion, and cannot seek such sanctions in an opposition to the debtor's motion." (Dkt. No. 65). Brooks then filed the instant *Motion to Alter Order* (Dkt. No. 73), asking the court to reconsider its denial. Having reconsidered its ruling, the court

will grant Brooks's *Motion to Alter Order*, amend its June 12th ruling, and award Brooks the reasonable attorney's fees and expenses incurred in opposing the debtor's *Motion for Rule 9011 Sanctions*.

I

The following facts are derived from Brooks's *Opposition to the Debtor's Motion for Sanctions* and exhibits thereto (Dkt. No. 47) ("Brooks Opp.") and his *Motion to Alter Order* (Dkt. No. 73). The debtor did not file a reply to Brooks's *Opposition* disputing Brooks's account of events and did not allege specific facts in his *Motion for Sanctions* which conflict with Brooks's account as described herein. The debtor also failed to oppose Brooks's *Motion to Alter Order.* Therefore, the following facts will be deemed admitted for purposes of this ruling.

On February 27, 2014, Brooks, proceeding *pro se*, filed a *Motion for Sanctions Against Debtor's Attorney William Johnson* (Dkt. No. 24), related in part to an attempt by the debtor's attorney, William C. Johnson, Jr., to depose Katherine Sutcliffe Becker, an attorney that Brooks had consulted. On March 27, Brooks told Johnson that he would likely be withdrawing his motion. Brooks Opp. at 3. On March 28, a Friday, Johnson emailed Brooks:

> Today is the final day that I will wait for you to dismiss your Motion for Sanctions (Document #24). If the withdrawal of the matter is not made by 5:00 PM, I will file the Motion for Rule 9011 Sanctions.

2

Exh. 5 to Brooks Opp.  Brooks replied the same day:

> As I told you yesterday, I will most likely dismiss my motion, though not for the reason you stated.  However, I still need to speak to Ms. Becker before making a final decision, and since I cannot file electronically, there is no way a withdrawal would be docketed to today.  I will update you on Monday.

Brooks Opp. at 3-4; Exh. 5 to Brooks Opp.  Johnson did not reply to Brooks's email.  Brooks Opp. at 4.  On Monday, March 31, at 10:14 a.m., Brooks emailed Johnson:

> I have decided to withdraw my motion for sanctions.  I will send a note to the court when I get home this afternoon and e-mail you a copy.

Brooks Opp. at 4; Exh. 6 to Brooks Opp.  Less than two hours later, at 12:07 p.m.,[1] Johnson filed the debtor's *Motion for Sanctions under Rule 9011* (Dkt. No. 42), claiming that Brooks's motion was frivolous and fraudulent.  In Brooks's response in opposition (Dkt. No. 47), he requested the court award him the reasonable expenses and attorney's fees incurred in opposing the debtor's motion.  On June 12, 2014, the court issued a ruling (Dkt. No. 65) which denied the debtor's motion on procedural and substantive grounds and denied Brooks's request in his opposition brief on procedural grounds, stating, "Brooks did not file his own Rule 9011 motion, and cannot seek such sanctions in an opposition to the debtor's motion."

---

[1] Brooks states that Johnson's motion was filed at 12:18 p.m.  Brooks Opp. at 4.  However, the court notes that the timestamp on the motion as reflected on the court's docket is 12:07 p.m.

II

Bankruptcy Rule 9011 provides:

> A motion for sanctions under the rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). . . . If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Fed. R. Bankr. P. 9011(c)(1)(A). Rule 9011 is substantially identical to Federal Rule of Civil Procedure 11, and authorities interpreting Rule 11 are applicable to Rule 9011. *Johnson v. McDow (In re McDow)*, 236 B.R. 510, 519 (D.D.C. 1999).

Under the plain language of the rule, the court may award reasonable attorney's fees and expenses, if warranted, to the prevailing party bringing or opposing a Rule 9011 motion for sanctions. This language was added to Rule 11 by the 1993 Amendments to the Federal Rules of Civil Procedure and incorporated into Rule 9011 in 1997. The Advisory Committee Notes to the 1993 Amendments explain:

> As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11 – whether the movant or the target of the motion – reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

In other words, a party does not have to bring a Rule 9011

motion in order to complain about the other party's Rule 9011 motion. Because Brooks requested expenses for opposing the debtor's Rule 9011 motion in his opposition to the motion, his request was procedurally correct under the rule. To the extent that the court's June 12, 2014, order held otherwise, that ruling is hereby amended.

                                III

The court will now turn to the merits of Brooks's request for expenses. Rule 9011 provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigtation; (2) the claims, defenses, and odther legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Fed. R. Bankr. P. 9011(b)(1)-(3).

As the debtor acknowledged in his *Motion for Rule 9011 Sanctions*, the central purpose of Rule 9011, like Rule 11, is "to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal court." *Atkins v. Fischer*, 232 F.R.D. 116, 126 (D.D.C. 2005)

                                 5

(quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  As already noted, Rule 9011 motions can themselves violate Rule 9011.  "Rule 11 forces lawyers to think twice before filing; this mandate applies with equal force when the filing includes a Rule 11 claim."  *Draper & Kramer, Inc. v. Baskin-Robbins, Inc.*, 690 F. Supp. 728, 732 (N.D. Ill. 1988).  As the Third Circuit warned:

> The growing tendency to extend the Rule beyond its text and intent concerns us, as does the noticeable increase in unjustified requests for sanctions.  The Rule is being perverted when used as a tool for harassment rather than as an instrument to prevent abuse.
>
> The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called "hardball" litigation techniques espoused by some firms and their clients.  Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct.  A court may impose sanctions on its own initiative when the Rule is invoked for an improper purpose.

*Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484-85 (3rd Cir. 1987) (citations and footnotes omitted).

Rule 9011, like Rule 11, imposes an objective test. *Featherston v. Goldman (In re D.C. Sullivan Co.)*, 843 F.2d 596, 598-99 (1st Cir. 1988); *Johnson*, 236 B.R. at 519 (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 (4th Cir. 1991)).  The question is whether "a reasonable attorney in like circumstances would believe his [or her] actions to be factually and legally justified."  *Johnson*, 236 B.R. at 519 (quoting *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.*, 898 F.2d 953, 956

6

(4th Cir. 1990)).

> To determine whether sanctions should be imposed, the court considers (1) whether the attorney made a reasonable inquiry and could form a reasonable belief that the pleading is well grounded in fact; (2) whether the attorney made a reasonable inquiry and could form a reasonable belief that the pleading is warranted by existing law; or (3) whether or not the pleading was made for an improper purpose such as to harass or delay.

*Id.* (citing *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1173–1174 (D.C. Cir. 1985); *Cousin v. District of Columbia*, 142 F.R.D. 574, 577 (D.D.C. 1992)).

In the instant matter, would a reasonably competent attorney, after performing an inquiry reasonable under the circumstances, have filed the debtor's *Motion for Rule 9011 Sanctions*?  The court unequivocally finds that the answer is no. A reasonably competent attorney would not have believed that the debtor's motion was well grounded in fact.  Indeed, it is difficult to conceive of a better example of a "baseless filing" than the debtor's motion, which attacked Brooks's sanctions motion as frivolous and was filed *after* Brooks told Johnson that it would be withdrawn.  Not only did Brooks notify Johnson via email on March 31 that he would that afternoon mail a notice of withdrawal to the court, but Brooks had also sent two other emails the previous week giving Johnson a few days' advance notice of the likelihood of the motion's withdrawal.  Brooks even reminded Johnson that he (Brooks), being pro se, would not be

7

able to file electronically but would have to file by mail, and that thus his withdrawal of the motion would not be immediately reflected on the docket.  After Brooks told Johnson that the motion would be withdrawn, Johnson had no factual basis for filing a Rule 9011 motion, which any reasonably competent attorney should know.  The court thus finds that the debtor's *Motion for Rule 9011 Sanctions* was frivolous and baseless.  Moreover, the court finds that Johnson's conduct, in light of Brooks's notification of withdrawal, raises the implication that Johnson filed the motion for the improper purpose of harassment, delay, and/or retribution.

   Having found that Johnson violated Rule 9011, the court must now determine the appropriate sanction.  Courts hold that the purpose of sanctions under either Rule 9011 or Rule 11 is not compensation, but deterrence.  *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1370 n.7 (4th Cir. 1991).  Rule 9011 sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Fed. R. Bankr. P. 9011(c)(2).  The appropriate sanction in this case is to require payment of Brooks's reasonable attorney's fees, if any, and expenses incurred in opposing Johnson's motion.  The court believes that this is the least severe sanction that will be sufficient to deter future similar conduct.

IV

An order follows granting Brooks's *Motion to Alter Order*, amending the court's June 12, 2014 order, and granting Brooks's request for reasonable attorney's fees and expenses incurred in opposing the debtor's *Motion for Rule 9011 Sanctions* as a sanction against Johnson.

[Signed and dated above.]

Copies to: Plaintiff; recipients of e-notifications of filings.