The document below is hereby signed.

Signed: March 9, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL LAWRENCE ROSEBAR, | ) | Case No. 13-00535 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DAVID BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 13-10036 |
| MICHAEL LAWRENCE ROSEBAR, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

### MEMORANDUM DECISION AND ORDER DENYING *MOTION FOR SANCTIONS*

The motion (Dkt. No. 80) for sanctions filed by the defendant, Michael Rosebar, through his counsel, William C. Johnson, Jr., seeking a recovery of sanctions in favor of Michael Rosebar and William C. Johnson, Jr., from the plaintiff, David Brooks, must be denied for reasons set forth in the oral decision rendered at the February 3, 2015 hearing. Pursuant to Fed. R.

Bankr. P. 9011(c)(1)(A), "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in . . . opposing the motion."  Such an award against the defendant's attorney, William C. Johnson, Jr., is warranted.  Although titled a motion filed by the debtor, the motion also sought an award of sanctions to Johnson.  The defendant relied on Johnson in filing the motion, and as a non-attorney he would not have had reason to know that the filing was unwarranted.  I will thus impose sanctions only against Johnson.

As this court ruled in granting Brooks's own motion for sanctions (the filing as to which the instant motion for sanctions was directed):

- Brooks's motion was well-founded and was served properly by regular mail;
- even if Brooks's motion had not been mailed, Johnson treated e-mail service as a proper form of service and complained only about the variances between the e-mailed copy of Brooks's motion and the filed version of Brooks's motion, but those variances would not require denial of Brooks's motion.

Six days before Johnson filed the instant motion for sanctions, Brooks filed a reply (Dkt. No. 78), in support of his own motion for sanctions.  In that reply, Brooks alerted Johnson to why Brooks had reason not to withdraw his (Brooks's) motion for

sanctions. Brooks explained he had mailed his motion and he explained how the variance between the filed version (sent by regular first class mail) and e-mailed version of his (Brooks's) motion for sanctions had arisen from a mistake in e-mailing the wrong version. Moreover, Brooks noted:

> this resulted in no prejudice to the debtor, because the e-mailed copy had *more* verbiage than the copy served via first class mail, not *less*. See Memorandum Opinion Regarding Plaintiff's Motion for Sanctions, *Ideal Instruments, Inc. v. Rivard Instruments*, 479 F. Supp. 2d 968 (N.D. Iowa 2007) (Procedural requirements of 21-day "safe harbor" satisfied when Rule 11 motion ultimately filed was not identical to the draft motion served but grounds were the same, scope more narrow and certain inflammatory allegations removed.)

*Reply* (Dkt. No. 78) at 5 n.2.[1]

In the instant motion for sanctions (Dkt. No. 80), filed after Brooks's *Reply*, Johnson contends that Brooks's motion for sanctions did not meet the standards of Rule 9011, yet Brooks's motion plainly met the standards of Rule 9011: Brooks had two plausible grounds for arguing that his own motion for sanctions was properly served.[2] Johnson could not legitimately contend

---

[1] Brooks's *Reply* gave an erroneous citation for the pertinent *Ideal Instruments, Inc. v. Rivard Instruments* decision. The correct citation is *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339-40 (N.D. Iowa 2007). That does not matter, however, because the legal argument he espoused had foundation.

[2] Johnson has not contended that he inquired of Brooks, before filing the instant motion for sanctions (Dkt. No. 80), regarding Brooks's statement that he had mailed his motion to Johnson.

3

that Brooks had failed to meet the standards of Rule 9011 in filing Brooks's own motion for sanctions, and thus sanctions are warranted against Johnson for filing his motion contending to the contrary.  It is hereby

ORDERED that the motion for sanctions (Dkt. No. 80) is DENIED.  It is further

ORDERED that David Brooks shall recover from William C. Johnson, Jr., his reasonable expenses and attorney's fees incurred in opposing the motion.  It is further

ORDERED that within 14 days after entry of this order, David Brooks shall file a statement of reasonable expenses and attorney's fees incurred in opposing the motion; that within 14 days after filing of the same, William C. Johnson, Jr., may file an opposition to Brooks's statement; and that within 7 days after Johnson files his opposition, Brooks may file a reply.

[Signed and dated above.]

Copies to: Plaintiff; recipients of e-notifications of filings.