The document below is hereby signed.

Signed: September 17, 2015



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL LAWRENCE ROSEBAR, | ) | Case No. 13-00535 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DAVID BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 13-10036 |
| MICHAEL LAWRENCE ROSEBAR, | ) | |
| | ) | **Not for publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION REGARDING MOTION FOR SANCTIONS

This addresses the *Motion for Sanctions* (Dkt. No. 168) seeking, pursuant to 28 U.S.C. § 1927 and Rule 9011 of the Federal Rules of Bankruptcy Procedure, an order "[a]warding the debtor and debtor's counsel the reasonable costs, fees and expenses incurred by the debtor and debtor's counsel" based on certain filings by David Brooks. The *Motion for Sanctions* must be denied.

I

Brooks is not an attorney, and 28 U.S.C. § 1927 applies to only "an attorney or other person admitted to conduct cases in any court of the United States." Section 1927 does not authorize the imposition of sanctions against non-lawyer pro se litigants. *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992), *cert. denied*, 113 S.Ct. 1879 (1993); *but see Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990), *cert. denied*, 498 U.S. 1096 (1991) ("Section 1927 sanctions may be imposed upon a pro se plaintiff").

II

Based on *Brooks v. Rosebar (In re Rosebar),* 2014 WL 2700665 (Bankr. D.D.C. June 12, 2014), the *Motion for Sanctions* was filed prematurely for purposes of Rule 9011. Rule 9011(c)(1)(A) provides in part:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

The *Motion* was served by mail on June 10, 2015. The 21st day after June 10, 2015, fell on July 1, 2015, but provisions of Rule 9006 of the Federal Rules of Bankruptcy Procedure made July 6, 2015, the deadline for withdrawal of the paper that allegedly violated Rule 9011. Pursuant to 9006(f), because service was by mail, three days had to be added to the deadline of July 1, 2015,

2

making July 4, 2015, a legal holiday, the deadline unless some other rule changed that deadline. Rule 9006(a)(1)(C) provides, in relevant part, that "if the last day is a . . . legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, Monday, July 6, 2015, became the deadline for withdrawal of the paper that allegedly violated Rule 9011. The *Motion* was filed on July 6, 2015, before the "safe harbor" for withdrawing the papers that allegedly violated Rule 9011 had ended. Accordingly, the *Motion* was filed prematurely, in violation of Rule 9011(c)(1)(A), and the request for Rule 9011 sanctions must be denied.

III

An order follows.

[Signed and dated above.]

Copies to: Plaintiff; recipients of e-notifications of orders.